Ike NWEZE, Plaintiff–Appellant,

v.

NEW YORK CITY TRANSIT
AUTHORITY, Defendant–
Appellee.

No. 03–9279–CV.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2004.

Ike Nweze, Corona, New York, for Appellant, pro se.

Michael Pappas, Littler Mendelson P.C. (Domenique Camacho–Moran), New York, New York, for Appellee, of counsel.

PRESENT: OAKES, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

We consider whether the district court properly granted the defendant's motion for judgment as a matter of law, following the presentation of plaintiff's case-in-chief, in a jury trial of Nweze's action asserting hostile work environment and intentional discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17.

This Court reviews the grant of a Rule 50 motion de novo. *See Diesel v. Town of Lewisboro,* 232 F.3d 92, 103 (2d Cir.2000). The motion may be granted "[o]nly if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against the moving party." *Id.* (internal quotation marks omitted) (alteration in original).

■ A plaintiff alleging a hostile work environment "must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of [the] working environment." *Alfano v. Costello,* 294 F.3d 365, 374 (2d Cir.2002) (internal quotations omitted) (Title VII case). "To decide whether the threshold has been reached, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency and degree of the abuse." *Id.*

■ Nweze failed to establish that his supervisor David Foell's yelling and requests for errands were based on race. *See id.* However, even if this conduct was racially motivated, the circumstances, taken as a whole, do not establish that Nweze's workplace was "permeated with discriminatory intimidation, ridicule, and insult," or that the conduct altered the conditions of Nweze's employment. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotation marks omitted); *see also Alfano,* 294 F.3d at 376–81. And the single March 1995 remark does not satisfy the "so severe or pervasive" standard required of a Title VII plaintiff alleging a hostile work environment. *See Harris,* 510 U.S. at 21–22, 114 S.Ct. 367.

■ To prevail on a disparate treatment claim, a Title VII "plaintiff is required to prove that the defendant had a discriminatory intent or motive." *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 986, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). A plaintiff makes out a prima facie claim of discrimination by establishing that 1) he was a member of a protected class; 2) he was qualified for the position; 3) an adverse employment decision took place; and

4) the decision occurred under circumstances giving rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Nweze failed to establish a prima facie case of discrimination. The evidence, taken as a whole, is insufficient to support the inference that Nweze was terminated because of his race. Because Nweze provided no evidence that Foell, who allegedly made the racist comment, recommended Nweze's discharge, the alleged comment cannot support a finding that the discharge decision was based on Nweze's race. *See McLee v. Chrysler Corp.,* 109 F.3d 130, 137 (2d Cir.1997).

Even if Foell had recommended that Nweze be terminated, moreover, the evidence is insufficient to support a finding that the decision was motivated by racial animus. Foell's alleged remark was made nineteen months before Nweze's discharge and was not shown to have any connection to the decision to terminate Nweze. Nweze has pointed to no other evidence of disparate treatment or racial discrimination in the trial record. Accordingly, the district court's judgment as a matter of law dismissing the disparate treatment claim should be affirmed.

The judgment of the district court is therefore hereby AFFIRMED.